343 F.2d 462
 65-1 USTC P 9325
 ESTATE of Ira A. CAMPBELL, Deceased, Donald Cameron and
Lucian J. Clarke, Executors, and Estate of Zella
Fay Campbell, Deceased, Lucian J.
Clarke, Administrator, c.t.a.,
Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 302, Docket 29034.
 United States Court of Appeals Second Circuit.
 Argued March 16, 1965.
Decided March 31, 1965.
 
 Folger Brink, New York City (Earl Q. Kullman, New York City, of counsel, Kirlin, Campbell & Keating, New York City, on the brief), for petitioners.
 Thomas L. Stapleton, Atty., Dept. of Justice, Washington, D.C. (Louis F. Oberdorfer, Asst. Atty. Gen., Lee A. Jackson and Robert N. Anderson, Attys., Dept. of Justice, Washington, D.C., of counsel), for respondent.
 Before LUMBARD, Chief Judge, MOORE and MARSHALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The executors of the estate of Ira and the administrator, c.t.a. of the estate of Zella Campbell, petition for the review of a decision by the Tax Court upholding an assessment by the Commissioner of income tax deficiencies on the Campbells' joint returns for the tax years 1950 and 1951. The Commissioner also assessed additions to the Campbells' tax liability for these years as a penalty for their failure to file declarations of estimated tax for 1950 and 1951. This assessment was also upheld in the Tax Court and petitioners do not appear to contest this facet of the decision below.
 
 
 2
 Ira Campbell was a prominent lawyer engaged in practice in New York City. He was also engaged in several side ventures and sought in the disputed joint returns a full deduction under section 23(k)(1) and (4) of the Internal Revenue Code of 1939 of the losses incurred in certain of these ventures as losses from worthless debts owed to Ira and incurred in his 'trade or business.'
 
 
 3
 However, the evidence introduced by the petitioners shows clearly that Ira's losses were not incurred in his 'trade or business' under section 23(k) as construed by Whipple v. Commissioner, 373 U.S. 193, 83 S.Ct. 118, 10 L.Ed.2d 288 (1963) and Commissioner v. Smith, 203 F.2d 310 (2d Cir.), cert. denied 346 U.S. 816, 74 S.Ct. 27, 98 L.Ed. 343 (1953) and thus must be deducted as losses from the 'sale or exchange' of capital assets under sections 23(k)(4) and 117(d)(2) of the 1939 Code. Taken singly, none of Ira's side ventures qualifies as a second 'trade or business' in addition to his law practice since he had no particular expertise in any of these fields, contributed few management services and drew little or no salary or dividends from these ventures. Nor was Ira in the 'business' of promoting speculative ventures. His participation in these endeavors was sporadic and the record reveals that he devoted much of his time to his law practice. Ira assumed the role of investor rather than promoter; in most cases, his contributions were solely financial and were extended to finance ideas or products initiated by others.
 
 
 4
 Petitioners claim in the alternative that at least part of the loss from the Harrison transaction is deductible as a loss from 'theft' or embezzlement under section 23(e)(3) of the 1939 Code. The Tax Court rejected this claim upon well-reasoned grounds and its decision should not be disturbed.
 
 
 5
 Affirmed.